UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ADELE O. CONNELL,

    Plaintiff,

    v.

ANNESLEY W. COPELAND, M.D., and
UNITED STATES OF AMERICA

    Defendants.

Civil Action No. 09-1159 (JDB)

**MEMORANDUM OPINION & ORDER**

Adele Connell, a Colonel in the United States Army, alleges that Dr. Annesley Copeland committed medical malpractice while performing surgery on her. The United States seeks to substitute itself for Dr. Copeland, asserting that because Dr. Copeland was a federal employee during the alleged incident, Connell's exclusive remedy under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., is a suit for damages against the United States. The government also seeks to dismiss the case, contending that the Feres doctrine bars Connell's suit because any injuries she suffered "ar[o]se out of or [were] in the course of activity incident to [military] service." Feres v. United States, 340 U.S. 135, 146 (1950). For the reasons detailed below, the Court will substitute the United States for Dr. Copeland, and will grant the government's motion to dismiss.

**FACTUAL BACKGROUND**

Connell was diagnosed with breast cancer in her left breast in November 2008. Compl. ¶¶ 1.2, 5.1. To treat the cancer and to prevent it from spreading, Connell's doctors at Walter Reed Army Medical Center planned to perform mastectomies on both breasts. Compl. ¶ 5.1.

-1-

They also planned to remove the lymph node on each side of her chest closest to the tumor in her left breast in order to determine whether the cancer had spread. Compl. ¶ 5.1.

Connell alleges that Copeland, who was supervising and directing a surgical team of active duty Army physicians, entered the surgery believing that the cancer was located in Connell's right breast, rather than in her left breast. Compl. ¶ 5.5. When the surgical team could not locate the lymph node on Connell's right side closest to the tumor, they proceeded to remove seventeen other lymph nodes from her right side. Compl. ¶ 5.2. Connell contends that removing these lymph nodes from the side of her body where no breast cancer had been diagnosed was "erroneous and unnecessary," and constitutes medical malpractice. Compl. ¶ 6.1.

## **DISCUSSION**

The Westfall Act, 28 U.S.C. § 2679, "accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." Osborn v. Haley, 549 U.S. 225, 229 (2007); see also 10 U.S.C. § 1089 (suits against the United States under the Federal Tort Claims Act are the exclusive remedy for the negligence, wrongful act, or omission of any armed forces physician). "When a federal employee is sued for wrongful or negligent conduct, the Act empowers the Attorney General to certify that the employee 'was acting within the scope of his office or employment at the time of the incident out of which the claim arose.'" Osborn, 549 U.S. at 229-30 (quoting 28 U.S.C. § 2679(d)). "Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee." Id. at 230.

Connell insists that "Defendant Copeland is a non-Government employee who performed negligent surgery as a civilian physician contractor." Pl.'s Opp'n to Defs.' Mot. to Dismiss ("Pl.'s

Opp'n") [Docket Entry 8], at 2. In other words, Connell argues that Dr. Copeland was acting not as a federal employee, but rather as an independent contractor. In response, the United States Attorney's Office for the District of Columbia[1] has certified that Dr. Copeland "was acting within the scope of her employment as an employee of the United States at the time of the alleged incidents." Defs.' Mot. to Dismiss ("Defs.' Mot.") [Docket Entry 6], Exhibit 2. The government thus asks that it be substituted as defendant in place of Dr. Copeland.

The government's certification does not end the matter, however. Although this so-called Westfall certification "'constitute[s] prima facie evidence that the employee was acting within the scope of his employment,'" Wuterich v. Murtha, 562 F.3d 375, 381 (D.C. Cir. 2009) (quoting Council on Am. Islamic Relations v. Ballenger, 444 F.3d 659, 662 (D.C. Cir. 2006) (per curiam)), it "does not conclusively establish as correct the substitution of the United States as defendant in place of the employee," Gutierrez De Martinez v. Lamagno, 515 U.S. 417, 434 (1995). Rather, a plaintiff may rebut the Westfall certification by "'alleg[ing] sufficient facts that, taken as true, would establish that the defendant['s] actions exceeded the scope of [his] employment.'" Wuterich, 562 F.3d at 381 (quoting Stokes v. Cross, 327 F.3d 1210, 1215 (D.C. Cir. 2003)). In such cases, if necessary "the district court may permit limited discovery and hold an evidentiary hearing to resolve a material factual dispute regarding the scope of the defendant's employment." Stokes, 327 F.3d at 1214.[2]

---

[1] The Attorney General has authorized the United States Attorney for the relevant district to make the statutory certification. See 28 C.F.R. § 15.4.

[2] Connell's primary challenge is to the government's certification that Dr. Copeland was a federal employee, and not to whether Dr. Copeland was acting within the scope of any such federal employment. There is no reason, however, why the standards articulated in Stokes and
(continued...)

In evaluating whether a plaintiff has rebutted a Westfall certification, courts apply traditional notice pleading standards. See Wuterich, 562 F.3d at 383. Hence, for Connell to obtain discovery, her complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). The complaint must, in other words, contain "factual content that allows the court to draw the reasonable inference" that Dr. Copeland was an independent contractor and not a federal employee when she performed Connell's surgery. Id.

To determine whether an individual is an independent contractor under these circumstances, the critical inquiry is the power of the federal government "to control the detailed physical performance of the" individual. Logue v. United States, 412 U.S. 521, 527-28 (1973). In evaluating whether physicians working for the government are employees or independent contractors, courts have also looked to the terms of the doctor's employment contract, the statutory authorization for the doctor's appointment, and various other conditions of employment. See, e.g., Woodruff v. Covington, 389 F.3d 1117, 1127 (10th Cir. 2004) (collecting cases); Ezekiel v. Michel, 66 F.3d 894, 900-01 (7th Cir. 1995); Limo v. United States, 852 F. Supp. 50, 53 (D.D.C. 1994).

Here, Connell has failed to rebut the government's certification that Dr. Copeland was a federal employee and not an independent contractor. Connell's complaint alleges only that Dr. Copeland "was a civilian independent contractor of the United States," Compl. ¶ 4.2, and that the "United States did not have the authority to control and supervise Defendant Copeland's detailed

---

²(...continued)
Wuterich would not apply equally when a plaintiff seeks discovery concerning the nature of an individual's employment relationship.

physical performance and day-to-day activity at Walter Reed." Compl. ¶ 4.5. Even assuming that this would render Dr. Copeland an independent contractor, these assertions are no more than "'legal conclusion[s] couched as . . . factual allegation[s],'" which the Court is "not bound to accept as true." Iqbal, 129 S. Ct. at 1949-50 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). They are certainly not the "'specific facts rebutting the [Westfall] certification'" required to obtain discovery. Ballenger, 444 F.3d at 662 (quoting Stokes, 327 F.3d at 1214).

In fact, Connell's complaint merely tracks in a conclusory fashion the Supreme Court's test for whether an individual is an employee or an independent contractor. Compare Logue, 412 U.S. at 528 (question is whether the government can "control the detailed physical performance of the" individual), with Compl. ¶ 4.5 ("Defendant United States did not have the authority to control and supervise Defendant Copeland's detailed physical performance and day-to-day activity at Walter Reed."). But the Supreme Court has made clear that a "formulaic recitation of the elements of a cause of action" does not properly plead a claim. See id. at 1949 (internal quotation marks omitted). So too here, and hence Connell's allegations are insufficient as a matter of law to rebut the government's Westfall certification.[3]

"[T]here is no right to even limited discovery unless and until a plaintiff alleges sufficient facts to rebut the Government's certification." Wuterich, 562 F.3d at 382 (citing Stokes, 327 F.3d at 1215-16); see also Stokes, 327 F.3d at 1216 ("Not every complaint will warrant further inquiry into the scope-of-employment issue."). Accordingly, because Connell has failed to rebut

---

[3] The government has supplied several of Dr. Copeland's employment records which, it argues, establish that Dr. Copeland is a federal employee and not an independent contractor. See Defs.' Reply in Supp. of Mot. [Docket Entry 10], at 4-5. In light of Connell's failure to rebut the government's Westfall certification, the Court need not address whether these documents affirmatively establish, as a matter of law, that Dr. Copeland was a federal employee.

the government's certification that Dr. Copeland was a government employee acting within the scope of her employment during the alleged medical malpractice, "[Dr. Copeland] is dismissed from the action, and the United States is substituted as defendant in place of the employee." Osborn, 549 U.S. at 230.[4]

With the United States the sole remaining defendant, the Court turns to the government's motion to dismiss. "[T]he Government is not liable . . . for injuries to servicemen where the injuries arise out of or in the course of activity incident to service." Feres v. United States, 340 U.S. 135, 137 (1950); accord United States v. Johnson, 481 U.S. 681, 692 (1987). In determining whether a particular injury occurred "incident to service," the D.C. Circuit examines three factors: "the injured service member's duty status, the site of the injury and the nature of the activity engaged in by the service member at the time of his injury." Schnitzer v. Harvey, 389 F.3d 200, 203 (D.C. Cir. 2004). "None of the three factors is itself dispositive; each contributes to [the] assessment of the totality of the circumstances in determining whether the injury is properly understood as 'incident to service' within the meaning of Feres." Id.

Here, these factors leave no doubt that Feres bars Connell's suit against the United States.[5] Connell was on active duty at the time of the injury. See Defs.' Mot., Ex. 1 (army document ordering Connell to active duty). The injury occurred at Walter Reed Army Medical

---

[4] To the extent Connell asks for discovery as to whether Dr. Copeland was acting within the scope of any federal employment, see Pl.'s Opp'n at 5, the Court will deny this request as well. Connell has alleged no facts that "would establish that the defendant['s] actions exceeded the scope of [her] employment." Stokes, 327 F.3d at 1215.

[5] Indeed, Connell does not dispute that Feres bars her suit against the United States. Instead, she argues that Feres was wrongfully decided and should be overturned. See Defs.' Opp'n at 6-19. The continuing viability of Feres, however, is not a question for this Court to examine.

Center, a military medical facility. And Connell was receiving medical care by active duty military personnel at the time of her injury. This is more than sufficient to render her injury "incident to service." See, e.g., Johnson v. United States, 1994 U.S. Dist. LEXIS 21632, at *12 (D.D.C. 1994) ("The Supreme Court has consistently held that claims from active duty service members arising out of medical care received in military hospitals are incident to service."); Antoine v. United States, 791 F. Supp. 304, 305-06 (D.D.C. 1991) ("'[T]he fact that [plaintiff's] injury occurred as a result of medical treatment by military doctors, . . . conclusively demonstrates that the injury was incident to service.'" (quoting Appelhans v. United States, 877 F.2d 309, 311 (4th Cir. 1989)).

Accordingly, it is hereby

**ORDERED** that the United States's motion to substitute is **GRANTED**; it is further

**ORDERED** that the United States's motion to dismiss is **GRANTED**; and it is further

**ORDERED** that this case is **DISMISSED**.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Date: April 20, 2010